Corinne D. Orquiola, Esq. (SBN 226969)
Krohn & Moss, Ltd.
1112 Ocean Drive
Suite 301
Manhattan Beach, CA 90266
T: (323) 988-2400; F: (866) 861-1390
corquiola@consumerlawcenter.com
Attorneys for Plaintiff,
DEREK FRELIGH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEREK FRELIGH, <br><br> Plaintiff, <br><br> v. <br><br> ROC ASSET SOLUTIONS, LLC, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT VERIFIED BY PLAINTIFF** <br><br> **(Unlawful Debt Collection Practices)** |

## VERIFIED COMPLAINT

DEREK FRELIGH (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against ROC ASSET SOLUTIONS, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Tracy, San Joaquin County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national debt collection company located in Williamsville, New York.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In or around February 2015, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

13. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

14. Defendant called Plaintiff's telephone number at 415-205-78XX.

15. In or around February 2015, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. See transcribed voicemail message attached hereto as

- 2 -

Exhibit A.

16. In the voicemail message, Defendant failed to state the name of the company or to meaningfully state that the call was from a debt collector. See transcribed voicemail message attached hereto as Exhibit A.

17. In the voicemail message, Defendant directed Plaintiff to call back telephone number 855-676-0592, which is a number that belongs to Defendant. See transcribed voicemail message attached hereto as Exhibit A.

18. In or around February 2015, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. See transcribed voicemail message attached hereto as Exhibit B.

19. In the voicemail message, Defendant failed to state the name of the company or to meaningfully state that the call was from a debt collector. See transcribed voicemail message attached hereto as Exhibit B.

20. In the voicemail message, Defendant directed Plaintiff to call back telephone number 855-676-0592, which is a number that belongs to Defendant. See transcribed voicemail message attached hereto as Exhibit B.

21. In or around February 2015, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. See transcribed voicemail message attached hereto as Exhibit C.

22. In the voicemail message, Defendant failed to state the name of the company or to meaningfully state that the call was from a debt collector. See transcribed voicemail message attached hereto as Exhibit C.

23. In the voicemail message, Defendant directed Plaintiff to call back telephone number

855-676-0592, which is a number that belongs to Defendant. See transcribed voicemail message attached hereto as Exhibit C.

24. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

25. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

   b. Defendant violated §1692d(6) of the FDCPA by failing to disclose the name of the company in all communications placed with and for Plaintiff;

   c. Defendant violated §1692e of the FDCPA by using any other false, deceptive, or misleading representation or means in connection with the debt collection;

   d. Defendant violated §1692e(11) of the FDCPA by failing to communicate and contain the mini- Miranda warning: This is an attempt to collect a debt… communication is from a debt collector.

WHEREFORE, Plaintiff, DEREK FRELIGH, respectfully requests judgment be entered against Defendant, ROC ASSET SOLUTIONS, LLC, for the following:

26. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

27. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

28. Actual damages,

- 4 -

PLAINTIFF'S COMPLAINT

29. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

30. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

32. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, DEREK FRELIGH, respectfully requests judgment be entered against Defendant, ROC ASSET SOLUTIONS, LLC, for the following:

33. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

34. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

35. Actual damages,

36. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

/ / /

/ / /

/ / /

/ / /

37. Any other relief that this Honorable Court deems appropriate.

                                            RESPECTFULLY SUBMITTED,

DATED: February 9, 2016        KROHN & MOSS, LTD.

                                      By: /s/ Corinne D. Orquiola

                                        Corinne D. Orquiola
                                        Attorney for Plaintiff
                                        Krohn & Moss, Ltd.
                                        1112 Ocean Drive
                                        Suite 301
                                        Manhattan Beach, CA 90266
                                        T: (323) 988-2400 ; F: (866) 861-1390
                                        corquiola@consumerlawcenter.com
                                        Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, DEREK FRELIGH, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DEREK FRELIGH, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2/7/16                              _____
                                                        DEREK FRELIGH